## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

LINDA J. CARTER,            )
                         )
        Plaintiff,      )
                         )
v.                      )     No. CIV-09-355-FHS-SPS
                         )
MICHAEL J. ASTRUE,       )
Commissioner of Social    )
Security Administration,  )
                         )
        Defendant.      )

## <u>ORDER</u>

In this action under the Social Security Act, Plaintiff, through her attorney, has moved the court for an award of attorney's fees and costs pursuant to the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In its response, the government states it has no objection to a reasonable fee award in the amount of $4,321.70 and a cost award in the amount of $350.00. The court has reviewed the record in this case, including Plaintiff's motion for attorney's fees and costs, and concurs in the stipulation. Consequently, Plaintiff's motion for attorney's fees and costs is granted and the government is ordered to pay Plaintiff's attorney's fees in the amount of $4,321.70 and costs in the amount of $350.00.

This award is to be made payable to Plaintiff, not Plaintiff's counsel or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. §§ 2412(a)(1) and (d)(1)(A) provide for an award of costs and attorney's fees to a "prevailing party." <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2525-29 (2010)(holding that section 2412(d)(1)(A) attorney's fees award is payable to the litigant and is subject to an offset where the litigant has outstanding federal debts); <u>Manning v. Astrue</u>, 510 F.3d 1246, 1249-55 (10th Cir. 2007), <u>cert. denied</u>, 129 S.Ct. 486 (2008)(the plain language of the EAJA, its

legislative history, and case law dictate that an award of attorney's fees under the EAJA belongs to, and is made payable to, the prevailing party).  Should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), he should take the necessary steps to assure compliance with the refund requirements as outlined in <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

It is so ordered this 15th day of April, 2011.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma